IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

LAREDO DIVISION

United States District Court
Southern District of Texas
ENTERED

JAN - 5 2006

Michael N. Milby, Clerk
Laredo Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| VS. | * | CRIMINAL NO. L-01-64 |
| | * | CIVIL ACTION NO. L-05-211 |
| OSCAR JAVIER GUEVARA | * | |

MEMORANDUM AND ORDER

In a Memorandum of October 6, 2005 (Docket No. 74), the Court denied a §2255 motion filed by this Defendant on September 28, 2005 (Docket No. 73). In the Memorandum, the Court concluded that the §2255 motion was time-barred but added that, even if it were not, it would have no merit. Defendant has now filed a motion for reconsideration of that decision (Docket No. 76). He insists that he actually filed a §2255 motion in the latter part of 2003. Because of Defendant's insistence, and after examining the exhibits he attached to the motion, the Court instructed the Clerk's Office to obtain the original file in this case from the federal archives. After reviewing that file, it now appears that Defendant did file a document that could be construed as a §2255 motion in 2003. The Clerk is now ORDERED to docket that filing as Entry No. 77 in this case.

Defendant alleges that he had attached this document to a "Motion for Reduction of Sentencing," which was filed on December 16, 2003 (Docket No. 71). Apparently, the Clerk separated the motion from the remainder of the submitted papers because of the

confusing labelling on the remaining documents. For example, the first of several cover sheets purports to be a filing in the appeals court and is labeled "Reply Brief of Appellant Oscar Javier Guevara," signed by Larry Profit, Inmate Legal Advisor. Then after a lengthy index, appears another cover sheet styled for the United States District Court, Northern District of Texas and labeled a "Petition for Writ of Habeas Corpus by a Person in State custody." Finally, at page (12) is a cover sheet for this Court with the label of "Motion for Rehearing to Vacate, Set Aside, or Correct Sentencing." Probably because of the first cover sheet, the local Clerk's Office sent this entire document to the appellate court, which received it on December 18, 2003. The document was then apparently returned to the Defendant by the appeals court with a forwarding letter dated December 22, 2003. The Defendant asserts that he then sent the document back to this Court on approximately December 31, 2003. The Court accepts that allegation because the document did end up in the local office. Unfortunately, whoever handled it simply inserted it in the file without any further processing.

The result is that there are two different §2255 motions. The first would have first arrived in the local Clerk's Office around December 16, 2003 and then again in early January 2004. Either way, it would be timely. The §2255 motion filed September 28, 2005 obviously is not timely. Accordingly, the Court reiterates its

2

conclusion of October 6, 2005 that the second §2255 motion is untimely but in any event has no merit.

This Memorandum now addresses the first §2255 motion. That motion is basically an elaborate claim of insufficiency of evidence. Some of it is not even relevant, as Defendant dwells on the distinction between crack cocaine and powder cocaine, which has no bearing on this case. Defendant also makes a claim that the Court answered some unspecified question asked by the jury during its deliberations rather than merely referring the jury to the original instructions. As is typical in filings by "Inmate Advisors," this point contains a series of quotes from other cases but sheds virtually no light on the nature of the question or the Court's answer or why Defendant was harmed. There is also a separate discussion of an alleged error concerning the quantity of drugs attributed to this Defendant. Parenthetically, the motion for reduction of sentence, which was properly filed in December 2003, duplicates some of the material in the §2255 motion. In any event, a §2255 motion, no matter how labeled, is not a substitute for an appeal, and matters disposed of on appeal cannot be re-litigated in a §2255 motion. The Fifth Circuit, in its No. 01-40935, specifically rejected Defendant's argument that the evidence against him was insufficient. It also held that Defendant's sentence did not implicate the concerns addressed in the Apprendi decision because the sentence did not exceed the statutory maximum.

Finally, it observed that the parties stipulated the gross weight of the cocaine to be 123 kilos, but that the Defendant later agreed that the cocaine weight was only 87.94 kilos.

In sum, the Court has reconsidered its Memorandum of October 6, 2005 and finds no reason to change its conclusion that the §2255 motion of September 28, 2005 was untimely and had no merit in any event. The Court has now evaluated Defendant's §2255 motion originally submitted in December 2003 and concludes that it also has no merit.

DONE at Laredo, Texas, this 5th day of January, 2006.

*[signature]*
United States District Judge

**CLERK**
**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF TEXAS
1300 VICTORIA, STE. 1131
LAREDO, TEXAS 78040

OFFICIAL BUSINESS

*Oscar Javier Guevara*
*96455-079, SS5 Unit*
*Federal Correctional Institution*
*1900 Simler*
*Big Spring TX 79720*



02 1P
0002171772    JAN 05 2006
MAILED FROM ZIPCODE 78040
$ 000.37⁰
PITNEY BOWES